(No. 26251.—

CHARLES G. WATSON, Appellant, *vs.* CARROLL HALL,
Appellee.

*Opinion filed September 17, 1941.*

DALE G. HYLE, for appellant.

FORTH & FORTH, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is a cause of action involving the sum of $19 for
dental work claimed to have been performed by the plain-
tiff for a former wife of the defendant. It was commenced
before one William B. Curtiss, a justice of the peace in
Nameoka township in Madison county, against the defend-
ant who is a resident of Granite City township, in the same
county. The plaintiff and defendant were both residents of
Granite City township.

By special appearance and appropriate motion, the de-
fendant insisted that the justice of the peace in Nameoka
township had no jurisdiction because of the provisions of
section 4a of article 2 of the Justices and Constables act
(Ill. Rev. Stat. 1939, chap. 79, par. 19a) to the effect that
where plaintiff and defendant both reside in the same town-
ship any suit between them before a justice of the peace

must be brought therein. The justice of the peace in this case held that the section of the act above mentioned was unconstitutional and the defendant, refusing to proceed further, found himself with a judgment entered against him. By appellate procedure, the cause was removed to the circuit court of Madison county, where the same question of jurisdiction was presented to the circuit court. In that court, it was quite correctly held that the statute in question was in no way unconstitutional and that the cause should be dismissed. From that judgment of dismissal the plaintiff has presented this appeal.

There is nothing in the brief to indicate any substantial reason why this appeal should have been taken and there is every inference in the whole record that all of this litigation is vexatious rather than *bona fide*. The appellant suggests that the section of the act in question is unconstitutional because it violates section 22 of article 4 of the constitution, which prohibits the passage of any special law concerning the duties or jurisdiction of a justice of the peace, but there is nothing in the brief to tell us, nor are we able to imagine, how this provision touches the matter in question in any way. Neither are we told, nor can we even guess at any reason, why this act of the legislature contravenes section 21 of article 6 of our constitution, which requires uniformity in the jurisdiction of justices of the peace. The question is obviously not one of jurisdiction, but of venue, only, and there is no reason why this cause should have been started directly in conflict with the statute in question and an appeal prosecuted to this court, except from some vexatious motive.

*Judgment affirmed.*